

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENA   Case No. 3:25MJ 135 (RAR)

February 18, 2025

### APPLICATION FOR ORDER COMMANDING PROVIDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that **Limestone Networks Inc.** (hereinafter "the Provider") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the existence of Grand Jury subpoena **H-24-1-21-3** (the 'Subpoena") until **August 18, 2025.**

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which is available for the Court's inspection but will not be docketed. The Subpoena requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, a non-disclosure order is appropriate because the Subpoena relates to the NCIS's ongoing investigation into a wire fraud offenses. This ongoing investigation is neither public nor known to the subject(s) of the investigation.

Given the nature of this investigation, much of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subject(s) of the investigation could easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the subpoena(s) will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until **August 18, 2025, absent further order from the Court** except that the Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

        MARC H. SILVERMAN
        ACTING UNITED STATES ATTORNEY

        *Shan P. Patel*
        SHAN P. PATEL
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. Phv20793
        450 Main Street, Room 328
        Hartford, CT 06103